United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUKSTALIS, et al.,<br>Plaintiffs,<br>v.<br>AMERICAN ZURICH INSURANCE COMPANY, et al.,<br>Defendants. | Case No. 26-cv-02459-EKL<br><br>**ORDER GRANTING MOTION FOR LEAVE**<br><br>Re: Dkt. No. 43 |

After this case was removed to federal court, Plaintiffs filed an amended complaint that purported to join Sean Lemmon as a Defendant without leave of court. First Am. Compl., ECF No. 10. Lemmon's joinder would deprive the Court of diversity jurisdiction, and Plaintiffs promptly moved to remand on that basis. Mot. to Remand, ECF No. 25. Plaintiffs argued that they had "an absolute right" to file the amended complaint under Federal Rule of Civil Procedure 15(a)(1), subject only to "argument that the joinder was fraudulent." Mot. to Remand at 3. The Court rejected this position because Congress has provided that, if a plaintiff seeks to join a defendant post-removal "whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Because Plaintiffs' amendment and motion to remand invoked an incorrect legal standard, the Court ordered Plaintiffs to file a motion for leave to join Lemmon that addresses the relevant factors for post-removal joinder under Section 1447(e). *Rukstalis v. Am. Zurich Ins. Co.*, No. 26-cv-02459-EKL, 2026 WL 1660029, at *2 (N.D. Cal. May 26, 2026). That motion is fully briefed. *See* Mot. for Leave, ECF No. 43.

Now, having reviewed the parties' submissions under the correct legal standard, the Court GRANTS Plaintiffs' motion for leave to join Lemmon. The Court finds that the factors referenced

in the Court's prior order favor joinder. *See Rukstalis*, 2026 WL 1660029, at *1 (quoting *Burch v. Ford Motor Co.*, 758 F. Supp. 3d 1092, 1098 (N.D. Cal. 2024)). Plaintiffs are granted leave and ORDERED to file their first amended complaint within three days of this Order, joining Lemmon as a party. Then, the Court will remand the action, given that the presence of a non-diverse defendant will preclude the Court from exercising diversity jurisdiction.

***

Because Plaintiffs persist in defending their original attempt at joinder, the Court offers three observations.

First, Plaintiffs submit that "the proper interplay between Rule 15" – which permits amendment as of right under certain circumstances – and 28 U.S.C. § 1447(e) is "an open question." Mot. for Leave at 7. However, Plaintiffs continue to ignore the Ninth Circuit precedent that the Court cited in its previous order. In *Newcombe v. Adolf Coors Co.*, the Ninth Circuit held that the statutory language of Section 1447(e) is permissive and "clearly gives the district court the discretion to deny joinder" under these circumstances. 157 F.3d 686, 691 (9th Cir. 1998). Therefore, it is untenable that Plaintiffs have an "absolute right" to amend that deprives the Court of its discretion to deny joinder. In support of their argument that the interplay between Rule 15 and Section 1447(e) is an open question, Plaintiffs cite *Blowers v. Ford Motor Co.*, in which the court observed: "The Ninth Circuit has not addressed what standard applies when a plaintiff seeks to amend a complaint to add a party that destroys diversity after the action has been removed to federal court." No. CV 17-8224-JFW (KSx), 2018 WL 654415, at *2 (C.D. Cal. Jan. 31, 2018). However, the *Blowers* court did not address the Ninth Circuit's guidance in *Newcombe* because the parties failed to cite that authority. *See id*. at *3.

Second, Plaintiffs argue that the court in *Burch* "accepted that Rule 15 gave all plaintiffs the right to file amended complaints without requesting court permission, even when adding a non-diverse defendant." Mot. for Leave at 7. This is an incomplete summary of *Burch*, and Plaintiffs omit the most salient part of the court's analysis. The court explained: "Even when a complaint is amended as of right, however, 28 U.S.C. § 1447(e) gives the court discretion to consider the propriety and fairness of allowing an amendment that destroys the court's

jurisdiction." *Burch*, 758 F. Supp. 3d at 1097 (citation modified). In other words, even if Rule 15 technically permits post-removal amendment as of right, if the amendment joins a non-diverse defendant, the district court retains discretion to deprive the amendment of legal effect by denying joinder. Therefore, *Burch* plainly does not support Plaintiffs' position that they had "an absolute right" to file the amended complaint, subject only to "argument that the joinder was fraudulent." Mot. to Remand at 3.

Finally, even in the absence of Ninth Circuit authority confirming the Court's discretion to deny joinder, Plaintiffs' position would fail. The fundamental premise of Plaintiffs' argument is that a plaintiff's *general* ability to amend as of right pursuant to Rule 15 takes precedence over a court's statutory discretion in the *specific* circumstance of a post-removal joinder that deprives the court of jurisdiction. But it is well established that, when there is a conflict between one provision that authorizes conduct generally and another provision that specifically prohibits certain conduct, "the specific provision is construed as an exception to the general one." *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645 (2012). Therefore, the most appropriate resolution of any purported conflict between Rule 15 and Section 1447(e) is to construe the court's discretion to deny joinder pursuant to Section 1447(e) as an exception to a plaintiff's general ability to amend as of right. *Isaly v. Boston Globe Media Partners, LLC*, 650 F. Supp. 3d 106, 113 (S.D.N.Y. 2023) ("Because Section 1447(e) is more recent and more specific than Rule 15, in that it applies to post-removal joinder, the canon of statutory interpretation that counsels that the specific governs the general also counsels in favor of a reading that would not give a plaintiff unilateral control over the court's continued ability to exercise diversity jurisdiction.").

For all these reasons, the Court had discretion to consider the propriety of post-removal joinder in this case.

**IT IS SO ORDERED.**

Dated: October 5, 2026

Eumi K. Lee
United States District Judge